UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THRIVEWELL TECH, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 1:24-CV-0212 |
| v. | (MEHALCHICK, J.) |
| SPIRITRUST LUTHERAN, | |
| Defendants. | |

**MEMORANDUM**

Before the Court is a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), wherein the Defendant argues that the Court lacks subject matter jurisdiction over this diversity action because the Plaintiff cannot establish that the amount in controversy exceeds $75,000. (Doc. 9). For the reasons set forth below, the motion will be **DENIED**. (Doc. 9).

**I.   BACKGROUND**

Plaintiff Thrivewell Tech, LLC[1] ("Plaintiff") is an information technology ("IT") company offering services to the senior living marketplace. (Doc. 1, ¶ 1) It is a Delaware limited liability company with a principal place of business in Maryland. (Doc. 1, ¶ 2) Defendant SpiritTrust Lutheran ("Defendant") is a nonprofit corporation that provides residential and in-home services to seniors. (Doc. 1, ¶ 4) It is incorporated in Pennsylvania and maintains a principal place of business in York, Pennsylvania. (Doc. 1, ¶ 5)

---

[1] Thrivewell previously operated under the name The Asbury Group Integrated Technologies, LLC ("AIT") until April 2022. (Doc. 1, ¶ 3)

In January 2021, the parties entered into a Technology Services Agreement ("Services Agreement") whereby Defendant contracted to receive certain IT services from Plaintiff in exchange for payment after services were supplied. (Doc. 1, ¶¶ 8-9) Between January 31, 2022, and October 31, 2023, Plaintiff sent several invoices for work performed under the Services Agreement, but Defendant failed to remit payment. (Doc. 1, ¶¶ 10-15) As of February 6, 2024, when the complaint was filed in this matter, Defendant had outstanding invoices due under the Services Agreement in the amount of $95,279.32. (Doc. 1, ¶¶ 32-33)

In June 2023, the parties entered into a second agreement, called the IT Services Transition Agreement ("Transition Agreement"), pursuant to which Defendant again agreed to pay Plaintiff for its services. (Doc. 1, ¶¶ 17-18) From July 31, 2023, through September 30, 2023, Plaintiff submitted invoices for work performed under this agreement, but Defendant did not pay the full amount due. As of the date the complaint was filed, Defendant had a past due balance under the Transition Agreement in the amount of $53,029.05. (Doc. 1, ¶¶ 38-39)

In a letter dated December 21, 2023, Plaintiff demanded payment from Defendant in the amount of the past-due invoices, totaling $148,308.37. (Doc. 1, ¶ 25) On February 6, 2024, when Plaintiff had yet to receive payment, it initiated this matter by filing a complaint asserting five claims: breach of contract of the Services Agreement (Count I); breach of contract of the Transition Agreement (Count II); account stated (Count III); promissory estoppel, in the alternative (Count IV); and unjust enrichment, in the alternative (Count V). (Doc. 1.)

On March 29, 2024, Defendant made an ACH payment to Plaintiff in the amount of $89,852.88. (Doc. 12-1). Defendant has moved to dismiss the complaint on the basis of this payment, arguing that the amount in controversy is now just $58,455.49, which is below the

Court's jurisdictional threshold of $75,000, and further, that the only amount ever in dispute was $58,455.49 because the Defendant agreed that $89,852.88 was owed. (Doc. 9; Doc. 11.) The motion has been fully briefed and is ripe for consideration.

## II.   LEGAL STANDARD

Jurisdiction in this matter is based on diversity of citizenship under 28 U.S.C. § 1332. Section 1332 is an affirmative grant of jurisdiction in federal district courts of "all civil cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different states." 28 U.S.C. § 1332(a).

Under Federal Rule of Civil Procedure 12(b)(1), a party may assert the defense of lack of subject matter jurisdiction by filing a motion to dismiss the complaint. Fed. R. Civ. P. 12(b)(1). If the defendant sufficiently challenges the court's subject matter jurisdiction, the plaintiff bears that burden of proving that the relevant jurisdictional requirements are satisfied. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 499 (3d Cir. 2014).

When a dispute arises as to whether the amount in controversy exceeds $75,000, the court must look to the nature of the jurisdictional facts alleged and whether they are in dispute. The Supreme Court has explained the inquiry as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89 (1938); *see Suber v. Chrysler Corp.,* 104 F.3d 578, 583 (3d Cir.1997) (*following Red. Cab*).

Significantly, in assessing the amount in controversy, "[t]he temporal focus of the court's evaluation . . . is on the time that the complaint was filed." *Suber*, 104. F.3d at 583; *see Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009) ("Under a long-standing rule, federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed.") As such, "[s]ubsequent events cannot reduce the amount in controversy so as to deprive the district court of jurisdiction." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016).

### III. DISCUSSION

As noted above, in moving to dismiss this case for lack of subject matter jurisdiction, Defendant argues that the amount in controversy no longer exceeds the jurisdictional amount because its payment, made after the complaint was filed, leaves only $58,455.49 in controversy. Defendant also argues that the amount actually in controversy never exceeded the jurisdictional threshold because, prior to the complaint's filing, it advised Plaintiff that the payment on three invoices totaling $89,852.88 was forthcoming. Plaintiff responds that the amount in controversy clearly exceeded the jurisdictional threshold at the time the complaint was filed because $148,308.37 was past due and had not yet been paid.

It is undisputed that, at the time the complaint was filed, there was a controversy over an unpaid balance of $148,308.37. Whether Defendant agreed at the time of filing that it indeed owed Plaintiff $89,852.88 is not relevant to the Court's inquiry. The fact remains that Defendant had not yet made the payment and, therefore, there was a genuine controversy regarding the entire unpaid balance. In any event, the Defendant's concession that it had a total unpaid balance of $148,308.37 certainly negates any suggestion that Plaintiff's allegation

4

of the amount in controversy was made in bad faith or for the purpose of invoking this Court's jurisdiction. While the $89,852.88 payment made after the complaint was filed presumably brings the amount in controversy under the jurisdictional threshold, the Court retains diversity jurisdiction because, as explained above, it is the amount in controversy at the time the complaint is filed that controls. *See* 28 U.S.C. § 1332(a); *see also Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) ("federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed. . . The rule serves to increase certainty and minimize repeated challenges to federal jurisdiction that might undermine efficiency.").

**IV.   CONCLUSION**

For the reasons set forth above, the court finds that the amount in controversy at the time the complaint was filed exceeded $75,000. Defendant's motion to dismiss is therefore **DENIED**. (Doc. 9).

An appropriate Order follows.

Dated: February 11, 2025                                              *s/ Karoline Mehalchick*
                                                                      **KAROLINE MEHALCHICK**
                                                                      **United States District Judge**